X FILED          ___ LODGED
___ RECEIVED     ___ COPY

NOV 1 6 2006

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR PUBLIC DISCLOSURE

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | **CR-05-0264-PHX-SMM** |
| Plaintiff, | **FIFTH SUPERSEDING INDICTMENT** |
| v. | |

1. Scott Odabash;
   (Counts 1-57, 60)

2. Ronald Ackerlund;
   (Counts 1, 2, 4, 10-29, 35-57, 60)

3. Jeffrey Woodfield;
   (Counts 1, 4, 10-29, 35-54, 57-59)

4. Sean A. Piscopo;
   (Counts 1, 4, 10-29, 35-54, 57)

5. Mark Alan Brunet;
   (Counts 1, 4, 10-29, 35-54, 57)

6. Eduardo Delgadillo-Garcia;
   a/k/a "Chico,"
   (Counts 1, 4, 57, 61)

7. Martin Angel Gonzalez;
   (Counts 1, 2, 3, 4, 55, 56, 62, 63 and 67)

8. Guadalupe Patricia Gaytan;
   (Counts 1, 4, and 62)

9. Glen Fouch;
   (Counts 1 and 4)

10. Aquiles Maldonado-Martinez;
    (Counts 1, 2)

VIO: 21 U.S.C. §§ 846, 841(a)(1) and
841(b)(1)(A)(vii)
(Conspiracy to Possess with the
Intent to Distribute Marijuana)
Count 1

21 U.S.C. §§ 841(a)(1) and
841(b)(1)(D)
(Possession with the Intent to
Distribute Marijuana)
Count 2

21 U.S.C. §§ 841(a)(1) and
841(b)(1)(C)
(Possession with the Intent to
Distribute Marijuana)
Count 3

18 U.S.C. § 1956(h)
(Conspiracy to Commit Money
Laundering)
Count 4

18 U.S.C. § 1956(a)(1)(B)(i)
(Money Laundering)
Counts 5-19

18 U.S.C. § 1956(a)(1)(B)(ii)
(Money Laundering)
Counts 20-29

1

11. Robert L. Goldstein;
    (Counts 1, 4, 57 and 66)

12. Alicia Cavallero;
    (Counts 1 and 64)

13. Emma Goldsmith;
    (Count 4)

14. Marcy Harvill;
    (Counts 4 and 65)

15. Marc Francisco Trombino;
    (Count 1)

16. Dale Mueller;
    (Count 1)

17. Simen Savaya,
    a/k/a Simon Savaya, 100%, Yo, and
    Teflon Simen;
    (Counts 1, 4, 57, 67, 68, 69 and 70)

18. Kellie Sue Gonzalez;
    a/k/a Kellie Gonzalez,
    (Count 1)

19. Julian Johnny Harvill; and
    a/k/a Julian Harvill
    (Counts 1 and 4)

20. Johnny Brikho;
    (Counts 4 and 70)

                Defendants.

31 U.S.C. § 5324(a)(3) and
5324(d)
(Structuring Transaction to Evade
Reporting Requirements)
Counts 30-54

21 U.S.C. §§ 846, 856(a)(2) and
841(a)(1)
(Conspiracy, Managing Drug
Involved Premises)
Count 55

21 U.S.C. § 856(a)(2)
(Managing Drug Involved
Premises)
Count 56

21 U.S.C. §§ 846 and 843(b)
(Conspiracy to Use a
Communications Facility)
Count 57

21 U.S.C. § 843(b)
(Use of a Communication Facility)
Count 58-60, 66

21 U.S.C. § 856(a)(2)
(Managing Drug Involved
Premises)
Count 61

21 U.S.C. § 856(a)(2)
(Managing Drug Involved
Premises)
Count 62

21 U.S.C. § 848
(Continuing Criminal Enterprise)
Count 63

18 U.S.C. § 1071
(Concealing Person From Arrest)
Count 64

18 U.S.C. § 1001
(False Statement to a
Government Agency)
Count 65

21 U.S.C. § 843(b)
(Use of a Communication Facility)
Counts 66-69

2

21 U.S.C. §§ 846, 856(a)(2) and
841(a)(1)
(Conspiracy, Managing Drug
Involved Premises)
Count 70

18 U.S.C. § 982
(Forfeiture Allegations)

21 U.S.C. § 853(a)(1)
(Forfeiture Allegations)

31 U.S.C.§5317
(Forfeiture Allegations)

18 U.S.C. § 2
(Aiding and Abetting)
Counts 2-29, 35-54, 56, 58-63, 66-70

THE GRAND JURY CHARGES:

## COUNT 1

From on or about January 1, 1994, through the present, in the District of Arizona, Scott Odabash, Ronald Ackerlund, JEFFREY WOODFIELD, SEAN A. PISCOPO, MARK ALAN BRUNET, Eduardo Delgadillo-Garcia, MARTIN ANGEL GONZALEZ, GUADALUPE PATRICIA GAYTAN, GLEN FOUCH, AQUILES MALDONADO-MARTINEZ, ROBERT L. GOLDSTEIN, Alicia Cavallero, Marc Francisco Trombino, DALE MUELLER, SIMEN SAVAYA, KELLIE SUE GONZALEZ, JULIAN JOHNNY HARVILL and JOHNNY BRIKHO, defendants herein, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons, to possess with the intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii).

In violation of Title 21, United States Code, Section 846.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means employed by defendants Scott Odabash, Ronald Ackerlund, JEFFREY WOODFIELD, SEAN A. PISCOPO, MARK ALAN BRUNET, Eduardo Delgadillo-Garcia, MARTIN ANGEL GONZALEZ, GUADALUPE PATRICIA GAYTAN, GLEN

1 FOUCH, AQUILES MALDONADO-MARTINEZ, ROBERT L. GOLDSTEIN, Alicia
2 Cavallero, Marc Francisco Trombino, SIMEN SAVAYA, JULIAN JOHNNY HARVILL,
3 KELLIE SUE GONZALEZ and DALE MUELLER to effect the objects of the conspiracy, were
4 as follows:

5      (1) Defendant MARTIN ANGEL GONZALEZ obtained large quantities of
6 marijuana, and with the assistance of defendants Alicia Cavallero, Eduardo Delgadillo-Garcia,
7 GUADALUPE PATRICIA GAYTAN, AQUILES MALDONADO-MARTINEZ , JULIAN
8 JOHNNY HARVILL , and KELLIE SUE GONZALEZ, sold that marijuana to other persons,
9 including co-defendants Scott Odabash, ROBERT L. GOLDSTEIN, Marc Francisco Trombino,
10 MARK ALAN BRUNET, SEAN A. PISCOPO, DALE MUELLER and SIMEN SAVAYA.

11      (2) At the direction of MARTIN ANGEL GONZALEZ, defendants Scott Odabash,
12 Ronald Ackerlund, KELLIE SUE GONZALEZ, JULIAN JOHNNY HARVILL, and JEFFREY
13 WOODFIELD, packaged the marijuana for shipment, and shipped the marijuana to locations in
14 Michigan and/or New York by means of ground carriers such as Federal Express and United
15 Parcel Service, or by driving loads of marijuana to those locations.

16      (3) Defendants ROBERT L. GOLDSTEIN, GLEN FOUCH, Marc Francisco
17 Trombino, SEAN A. PISCOPO, MARK ALAN BRUNET, DALE MUELLER and SIMEN
18 SAVAYA received or assisted in the receipt of the marijuana packages and/or the storage of the
19 marijuana purchased from defendant MARTIN ANGEL GONZALEZ.

20      (4) Defendants ROBERT L. GOLDSTEIN, GLEN FOUCH, Marc Francisco
21 Trombino, SEAN A. PISCOPO, MARK ALAN BRUNET and SIMEN SAVAYA sent, or
22 assisted in sending, money packages to defendants Scott Odabash, Ronald Ackerlund JEFFREY
23 WOODFIELD, Eduardo Delgadillo-Garcia and others, which represented payment to defendant
24 MARTIN ANGEL GONZALEZ for the marijuana. On occasion, the payments for the marijuana
25 were hand-delivered.

26                              **COUNT 2**

27      From on or about November 16, 2004 to November 17, 2004, in the District of Arizona,
28 Scott Odabash, Ronald Ackerlund, AQUILES MALDONADO-MARTINEZ and MARTIN

4

ANGEL GONZALEZ, defendants herein, did knowingly and intentionally possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D) and Title 18 United States Code Section 2.

### COUNT 3

From on or about March 1, 2005, through April 8, 2005, in the District of Arizona, Scott Odabash, and MARTIN ANGEL GONZALEZ, defendants herein, did knowingly and intentionally possess with the intent to distribute more than 50 and less than 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) and Title 18 United States Code Section 2.

### COUNT 4

From on or about August of 1995, and continuing through the present, Scott Odabash, Ronald Ackerlund, JEFFREY WOODFIELD, SEAN A. PISCOPO, MARK ALAN BRUNET, Eduardo Delgadillo-Garcia, MARTIN ANGEL GONZALEZ, GUADALUPE PATRICIA GAYTAN, GLEN FOUCH, ROBERT L. GOLDSTEIN, Emma Goldsmith, JULIAN HARVIL, MARCY HARVILL, SIMEN SAVAYA and JOHNNY BRIKHO defendants herein, did knowingly and willfully conspire and agree together, with each other and others, to commit the following offenses against the United States: Title 18, United States Code, Section 1956 as follows:

To conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity [i.e. 21 U.S.C. Sections 841(a)(1) (Possession With the Intent to Distribute Marijuana) and 846 (Conspiracy to Possess With the Intent to Distribute Marijuana)], to (1) with the intent to promote the carrying on of specific unlawful activities, and (2) knowing that the transactions were designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control

1  of the proceeds of a specified unlawful activity; and (3) to avoid a transaction reporting

2  requirement under State or Federal law in violation of Title 18 United States Code Sections

3  1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii).

4  **MANNER AND MEANS OF THE CONSPIRACY**

5  The manner and means employed by defendants Scott Odabash, Ronald Ackerlund,

6  JEFFREY WOODFIELD, SEAN A. PISCOPO, MARK ALAN BRUNET, Eduardo Delgadillo-

7  Garcia, MARTIN ANGEL GONZALEZ, GUADALUPE PATRICIA GAYTAN, GLEN

8  FOUCH, ROBERT L. GOLDSTEIN, Emma Goldsmith, JULIAN JOHNNY HARVILL,

9  JOHNNY BRIKHO and SIMEN SAVAYA to effect the objects of the conspiracy, were as

10  follows:

11  (1) Defendant MARTIN ANGEL GONZALEZ obtained large quantities of

12  marijuana, and sold that marijuana to other persons, including SIMEN SAVAYA who paid for

13  the marijuana.  MARTIN ANGEL GONZALEZ used the proceeds from the sale of the

14  marijuana to purchase parcels of real property, including parcels of residential real property.

15  GUADALUPE PATRICIA GAYTAN, Alicia Cavallero, and JOHNNY BRIKHO aided

16  MARTIN ANGEL GONZALEZ in the purchases of real property by acting as the real estate

17  broker, or by holding title to the real property for defendant MARTIN ANGEL GONZALEZ.

18  In most cases, title to the real property purchased by MARTIN ANGEL GONZALEZ was held

19  by individuals other than MARTIN ANGEL GONZALEZ in order to conceal MARTIN ANGEL

20  GONZALEZ' interest in the real property.

21  (2) MARTIN ANGEL GONZALEZ paid defendants Scott Odabash and Ronald

22  Ackerlund to make improvements to residences located on real properties owned by MARTIN

23  ANGEL GONZALEZ. These improvements were paid for with the proceeds of marijuana sales,

24  and the money received by defendants Scott Odabash and Ronald Ackerlund for making such

25  improvements was also the proceeds from marijuana sales.

26  (3) The defendants knew the money and funds paid and received from the sale of

27  marijuana represented the proceeds of unlawful activities; specifically, violations of 21 U.S.C.

28  Sections 841(a)(1) and 846 (Possession With the Intent to Distribute Marijuana and Conspiracy

6

1   to Possess With the Intent to Distribute Marijuana).

2       (4) Defendants Scott Odabash, Ronald Ackerlund, and JEFFREY WOODFIELD
3   sent packages containing marijuana to Michigan and New York, via Federal Express, and along
4   with defendant Eduardo Delgadillo-Garcia, received payment for the shipments of marijuana
5   from defendants SEAN A. PISCOPO,  MARK ALAN BRUNET, GLEN FOUCH, ROBERT
6   L. GOLDSTEIN, Marc Francisco Trombino and others, by means of hand delivery, and in
7   packages of money and/or funds sent to defendants Scott Odabash,  Ronald Ackerlund,
8   JEFFREY WOODFIELD, Eduardo Delgadillo-Garcia and others via United Postal Service
9   (UPS), and Federal Express (FedEx).

10      (5) After money and funds were paid and received from the specified unlawful
11  activities, a portion of the money and funds was used by defendant Scott Odabash to purchase
12  money orders in the names of fictitious individuals. The money orders were made payable to a
13  company called Boulder Builder Management, a company controlled by defendant Scott
14  Odabash. The money orders were then deposited into bank accounts controlled by defendant
15  Scott Odabash. Defendant Scott Odabash withdrew cash from the bank accounts by means of
16  checks made out to cash. These transactions were designed to conceal or disguise the nature,
17  location, source, ownership or control of the proceeds of the specified unlawful activity. The
18  cash was used by the defendants to purchase items of value, such as motorcycles, ATVs,
19  automobiles, and real property as set forth in the forfeiture sections of this indictment. Proceeds
20  were also used to purchase additional marijuana and packaging materials so as to promote
21  distribution of marijuana.

22      (6) When the money orders were purchased, and deposited into bank accounts
23  controlled by Scott Odabash, the money order purchases were structured so that the total amount
24  of the transaction was under $3,000.00, so as to avoid Federal or State transaction reporting
25  requirements. When money or funds were withdrawn from the accounts by means of checks,
26  Scott Odabash deliberately structured the transactions so that each individual withdrawal
27  involved less than $10,000.00, in order to avoid Federal or State transaction reporting
28  requirements.

1           (7) Defendants MARTIN ANGEL GONZALEZ and SIMEN SAVAYA delivered

2 or arranged for delivery of large amounts of cash, which were proceeds from the sale of

3 marijuana, to be held by defendants Emma Goldsmith, GUADALUPE PATRICIA GAYTAN

4 and/or JULIAN JOHNNY HARVILL on behalf of and for the benefit of MARTIN ANGEL

5 GONZALEZ.

6           (8) Defendant MARTIN ANGEL GONZALEZ used the proceeds from the sale

7 of marijuana to facilitate the purchase of automobiles, some of the titles to which were placed

8 in the names of defendants Emma Goldsmith and Alicia Cavallero..

9 **OVERT ACTS**

10     On or about the following dates, in the District of Arizona and elsewhere, in furtherance

11 of the conspiracy and to effect the objects of the conspiracy, defendants Scott Odabash, Ronald

12 Ackerlund, JEFFREY WOODFIELD, SEAN A. PISCOPO, MARK ALAN BRUNET, Eduardo

13 Delgadillo-Garcia, MARTIN ANGEL GONZALEZ, GUADALUPE PATRICIA GAYTAN and

14 GLEN FOUCH committed and caused to be committed, the following overt acts:

15 **August, 1995**

16     MARTIN ANGEL GONZALEZ purchased the residential property at 3602 W. Denton

17 Lane, Phoenix, Arizona, with the proceeds from marijuana sales. GUADALUPE PATRICIA

18 GAYTAN brokered the purchase. The property was used to store marijuana, and Scott Odabash

19 picked up loads of marijuana from the residence.

20 **October 1997 to November 1998**

21     MARTIN ANGEL GONZALEZ made monthly mortgage payments on real property

22 located at 3407 N. 24th St. Phoenix, Arizona, a location purported to be the business address of

23 Hollywood Style a/k/a Hollywood Autosports, a business owned by MARTIN ANGEL

24 GONZALEZ. The payments were made using proceeds from the sale of marijuana.

25 GUADALUPE PATRICIA GAYTAN took title to the property on June 6, 1998, but MARTIN

26 ANGEL GONZALEZ continued to make the mortgage payments for the next six months. It was

27 later learned that 3407 N. 24th St. Phoenix, Arizona, was used to receive deliveries of proceeds

28 from the sale of marijuana. Such deliveries were made via UPS and originated from New York,

8

1  Michigan and various other states. The deliveries occurred while GUADALUPE PATRICIA

2  GAYTAN owned or held title to the property.

3  **March 1997 through November 1999**

4  In March, 1997, an individual named Jeffrey Wilstein purchased the property at 9056 E.

5  Captain Dreyfuss Scottsdale, Arizona. Jeffrey Wilstein purchased multi-pound quantities of

6  marijuana from MARTIN ANGEL GONZALEZ on numerous occasions. In the summer of

7  1998, Wilstein offered to assign his interest in the Captain Dreyfuss property to MARTIN

8  ANGEL GONZALEZ in repayment of money Wilstein owed GONZALEZ for lost loads of

9  marijuana. GUADALUPE PATRICIA GAYTAN sent Wilstein the paperwork to effect the title

10 transfer, however the documents did not list MARTIN ANGEL GONZALEZ as the purchaser,

11 but instead listed GUADALUPE PATRICIA GAYTAN as the purchaser. On or about June 29,

12 1999, GUADALUPE  PATRICIA GAYTAN and her husband Lehi Gaytan purchased the

13 Captain Dreyfuss property from Jeffrey Wilstein, knowing that the conveyance was in

14 satisfaction of a debt owed from the purchase of marijuana. In November, 1999, Adolfo Diaz,

15 an associate of MARTIN ANGEL GONZALEZ, was arrested in connection with the discovery

16 of a horse trailer filled with 2,579 pounds of marijuana located at the rear of the residential

17 property. The fingerprint of MARTIN ANGEL GONZALEZ was found on packaging material

18 found on the property where the trailer was located. Diaz had, on his person, an insurance card

19 listing his residence as 9056 E. Captain Dreyfuss, Scottsdale, Arizona. The same residence

20 purchased by PATRICIA GUADALUPE GAYTAN.

21 **November 2001**

22 MARTIN ANGEL GONZALEZ purchased a residence located at 7722 E. Dynamite

23 Road, Scottsdale, Arizona with drug proceeds, and title to the residence was held by JOHNNY

24 BRIKHO, who then resided in Detroit, Michigan. JOHNNY BRIKHO knew the money used to

25 purchase the residence constituted proceeds of the sale of illegal drugs, and agreed to hold title

26 to the property to conceal the identity of the true owner of the property. SIMEN SAVAYA

27 assisted in the transaction by providing funds, or assisting in providing false documents to the

28 mortgage company financing the purchase, or both.

**January, 2003, to October, 2003**

MARTIN ANGEL GONZALEZ purchased a residence located at 2211 E. Sierra, Phoenix, Arizona. The purchase was made with the proceeds of marijuana sales. Title to the property was placed in the name of Loy Carter, and an assignment of a Beneficial Interest Under Deed of Trust was made to GUADALUPE PATRICIA GAYTAN and her husband. Scott Odabash and Ronald Ackerlund supervised remodeling work on the residence, but all decisions regarding the work were made by MARTIN ANGEL GONZALEZ. Scott Odabash and Ronald Ackerlund were paid in cash for their work, as were all of the laborers. The cash used to pay for the remodeling work was proceeds of marijuana sales.

**March 2004**

In March of 2004, MARTIN ANGEL GONZALEZ purchased a residence located at 5546 E. Yucca St., Phoenix, Arizona, with the proceeds of marijuana sales. Title to the property was held by GUADALUPE PATRICIA GAYTAN. Scott Odabash and Ronald Ackerlund supervised renovations to the residence, which were directed by MARTIN ANGEL GONZALEZ. Scott Odabash and Ronald Ackerlund were paid for their work in cash, by MARTIN ANGEL GONZALEZ. On at least three occasions, Scott Odabash picked up loads of marijuana from MARTIN ANGEL GONZALEZ at the residence.

**November 25, 2002.**

Scott Odabash deposited $2,895.00 in money orders obtained at the Albertson's Supermarket at Hayden and Indian Bend Road, Scottsdale, AZ, into Bank of America account number 252387813, an account controlled by Scott Odabash.

The money orders were purported to be payments by Steven Swartz for goods and services rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

In fact, the money orders were purchased by Scott Odabash with proceeds from specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to Possess With the Intent to Distribute Marijuana).

1    Scott Odabash himself wrote the name Steven Swartz as the purchaser of the money
2    orders.

### December 2 and 3, 2002

4    Scott Odabash deposited $2,680.00 in money orders obtained at the Albertson's
5    Supermarket at Hayden and Indian Bend Road, Scottsdale, AZ, into Bank of America account
6    number 252387813, an account controlled by Scott Odabash.

7    The money orders were purported to be payments by Mary Fab for goods and services
8    rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

9    In fact, the money orders were purchased by Scott Odabash with proceeds from
10   specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy
11   to Possess With the Intent to Distribute Marijuana).

12   Scott Odabash himself wrote the name Mary Fab as the purchaser of the money orders.

### December 9, 2002

14   Scott Odabash deposited $2,795.00 in money orders obtained at the Albertson's
15   Supermarket at Hayden and Indian Bend Road, Scottsdale, AZ, into Bank of America account
16   number 252387813, an account controlled by Scott Odabash.

17   The money orders were purported to be payments by Cathy Perze for goods and services
18   rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

19   In fact, the money orders were purchased by Scott Odabash with proceeds from
20   specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy
21   to Possess With the Intent to Distribute Marijuana).

22   Scott Odabash himself wrote the name Cathy Perze as the purchaser of the money orders.

### December 11, 2002

24   Scott Odabash deposited $2,995.00 in money orders obtained at the United States Post
25   Office Number 852591, into Bank of America account number 252387813, an account
26   controlled by Scott Odabash.

27   The money orders were purported to be payments by Karen Stall for goods and services

28

1    rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

2    In fact, the money orders were purchased by Scott Odabash with proceeds from

3    specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy

4    to Possess With the Intent to Distribute Marijuana).

5    Scott Odabash himself wrote the name Karen Stall as the purchaser of the money orders.

6    **January 14, 2003**

7    Scott Odabash deposited $3,400.00 in money orders obtained at the Albertson's

8    Supermarket at Hayden and Indian Bend Road, Scottsdale, AZ, and United States Post Office

9    Number 852591 into Bank of America account number 233172729, an account controlled by

10   Scott Odabash, and $1550.00 in money orders obtained at the United States Post Office Number

11   852591 into Bank of America account number 252387813.

12   The $1550.00 in money orders were purported to be payments by Pam Fountain for goods

13   and services rendered by Boulder Builder Management Company, a company controlled by Scott

14   Odabash.

15   In fact, all the money orders were purchased by Scott Odabash with proceeds from

16   specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy

17   to Possess With the Intent to Distribute Marijuana).

18   Scott Odabash himself wrote the name Pam Fountain as the purchaser of the $1550.00

19   in United States Post Office money orders.

20   **May 7, 2003**

21   Scott Odabash deposited $2,950.00 in money orders obtained at the Albertson's

22   Supermarket at Hayden and Indian Bend Road, Scottsdale, AZ, into Bank of America account

23   number 252387813, an account controlled by Scott Odabash.

24   The money orders were purported to be payments by Sam Carter for goods and services

25   rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

26   In fact the money orders were purchased by Scott Odabash with proceeds from specified

27   unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to

28   Possess With the Intent to Distribute Marijuana).

12

1     Scott Odabash himself wrote the name Sam Carter as the purchaser of the money orders.

2     **July 10, 2003**

3     Scott Odabash deposited $2,990.00 in money orders obtained at United States Post Office

4 number 852591, into Bank of America account number 233172729, an account controlled by

5 Scott Odabash.

6     The money orders were purported to be payments by Pam Zara for goods and services

7 rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

8     In fact, the money orders were purchased by Scott Odabash with proceeds from

9 specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy

10 to Possess With the Intent to Distribute Marijuana).

11     A shipment of money or funds in the approximate amount of $4,000.00 was sent to

12 Ronald Ackerlund via Federal Express Priority Overnight mail on July 8, 2003, and was

13 expected to be received by Ronald Ackerlund on July 9, 2003.  The money or funds used by

14 Scott Odabash to purchase the money orders on July 10, 2003, came in whole or in part from the

15 money and/or funds shipped to Ronald Ackerlund on July 8, 2003.

16     Scott Odabash himself wrote the name Pam Zara  as the purchaser of the money orders.

17     **July 31, 2003**

18     Scott Odabash deposited $3,000.00 in money orders obtained at an unidentified United

19 States Post Office, into Bank of America account number 252387813, an account controlled by

20 Scott Odabash.

21     The money orders were purported to be payments by Ray Zilla for goods and services

22 rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

23     In fact, the money orders were purchased by the defendants with proceeds from  specified

24 unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to

25 Possess With the Intent to Distribute Marijuana).

26     Scott Odabash himself wrote the name Ray Zilla as the purchaser of the money orders.

27     **August 21, 2003**

28     Scott Odabash deposited $2,943.00 in money orders obtained at United States Post Office

1   number 852591, into Bank of America account number 252387813, an account controlled by
2   Scott Odabash.

3       The money orders were purported to be payments by Peter Simmons for goods and
4   services rendered by Boulder Builder Management Company, a company controlled by Scott
5   Odabash.

6       In fact, the money orders were purchased by Scott Odabash with proceeds from
7   specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy
8   to Possess With the Intent to Distribute Marijuana).

9       Scott Odabash himself wrote the name Peter Simmons as the purchaser of the money
10  orders.

11                          **August 28, 2003**

12      Scott Odabash deposited $2,983.00 in money orders obtained at an unidentified United
13  States Post Office, into Bank of America account number 252387813, an account controlled by
14  Scott Odabash.

15      The money orders were purported to be payments by Juan Reaz for goods and services
16  rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

17      In fact, the money orders were purchased by Scott Odabash with proceeds from specified
18  unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to
19  Possess With the Intent to Distribute Marijuana).

20      Scott Odabash himself wrote the name Juan Reaz as the purchaser of the money orders.

21                          **August 29, 2003**

22      Scott Odabash deposited $2,962.00 in money orders obtained at United States Post Office
23  number 852600, into Bank of America account number 252387813, an account controlled by
24  Scott Odabash.

25      The money orders were purported to be payments by Juan Reaz for goods and services
26  rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

27      In fact the money orders were purchased by the defendants with proceeds from specified
28  unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to

                                    14

1 | Possess With the Intent to Distribute Marijuana).

2 |     Scott Odabash himself wrote the name Juan Reaz as the purchaser of the money orders.

3 | **September 2, 2003**

4 |     Scott Odabash deposited $2,857.00 in money orders obtained at United States Post Office
5 | number 852600, into Bank of America account number 252387813, an account controlled by
6 | Scott Odabash.

7 |     The money orders were purported to be payments by Sandy Olson for goods and services
8 | rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

9 |     In fact, the money orders were purchased by Scott Odabash with proceeds from specified
10 | unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to
11 | Possess With the Intent to Distribute Marijuana).

12 |     A shipment of money or funds in the approximate amount of $16,000.00 was sent to
13 | Ronald Ackerlund via Federal Express Priority Overnight mail on August 29, 2003, and was
14 | expected to be received by Ronald Ackerlund on August 30, 2003. The money or funds used by
15 | Scott Odabash to purchase the money orders on September 2, 2003, came in whole or in part
16 | from the money and/or funds shipped to Ronald Ackerlund on August 29, 2003.

17 |     Scott Odabash himself wrote the name Sandy Olson as the purchaser of the money orders.

18 | **September 3, 2003**

19 |     Scott Odabash deposited $2,606.00 in money orders obtained at United States Post Office
20 | 852591, into Bank of America account number 252387813, an account controlled by Scott
21 | Odabash.

22 |     The money orders were purported to be payments by Sandy Olson for goods and services
23 | rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

24 |     In fact, the money orders were purchased by Scott Odabash with proceeds from specified
25 | unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to
26 | Possess With the Intent to Distribute Marijuana).

27 |     A shipment of money or funds in the approximate amount of $16,000.00 was sent to
28 | Ronald Ackerlund via Federal Express Priority Overnight mail on August 29, 2003, and was

expected to be received by Ronald Ackerlund on August 30, 2003. The money or funds used by Scott Odabash to purchase the money orders on September 3, 2003, came in whole or in part from the money and/or funds shipped to Ronald Ackerlund on August 29, 2003.

Scott Odabash himself wrote the name Sandy Olson as the purchaser of the money orders.

**October 24, 2003**

Scott Odabash deposited $2,935.00 in money orders obtained at United States Post Office number 852600, into Bank of America account number 252387813, an account controlled by Scott Odabash.

The money orders were purported to be payments to Boulder Builder Management Company, a company controlled by Scott Odabash.

In fact, the money orders were purchased by Scott Odabash with proceeds from specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to Possess With the Intent to Distribute Marijuana).

**November 26, 2003**

Scott Odabash deposited $2,986.00 in money orders obtained at an unidentified United States Post Office, into Bank of America account number 252387813, an account controlled by Scott Odabash.

The money orders were purported to be payments by Frank Willy for goods and services rendered by Boulder Builder Management Company, a company controlled by Scott Odabash.

In fact, the money orders were purchased by Scott Odabash with proceeds from specified unlawful activities (Possession With the Intent to Distribute Marijuana, and Conspiracy to Possess With the Intent to Distribute Marijuana).

Scott Odabash himself wrote the name Frank Willy as the purchaser of the money orders.

**December 22 through December 26, 2003**

Scott Odabash withdrew $22,000.00 by means of four checks made payable to cash on Bank of America account number 252387813. Scott Odabash structured the withdrawals so that no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction reporting requirements.

**January 6 through January 8, 2004**

Scott Odabash withdrew $13,000.00 by means of two checks made payable to cash on Bank of America account number 252387813. Scott Odabash structured the withdrawals so that no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction reporting requirements.

**January 16, 2004**

Scott Odabash withdrew $12,000.00 by means of two checks made payable to cash on Bank of America account number 252387813. Scott Odabash structured the withdrawals so that no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction reporting requirements.

**February 17, through February 19, 2004**

Scott Odabash withdrew $15,000.00 by means of three checks made payable to cash on Bank of America account number 252387813. Scott Odabash structured the withdrawals so that no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction reporting requirements.

**April 14, through April 19, 2004**

Scott Odabash withdrew $11,000.00 by means of two checks made payable to cash on Bank of America account number 252387813. Scott Odabash structured the withdrawals so that no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction reporting requirements.

**April 8, through May 6, 2004**

On April 8, 2004, law enforcement agents conducted an inspection of trash from the residence located at 7622 N. Via Elemental, at that time, JEFFREY WOODFIELD and Scott Odabash were residing at the residence. In the trash, agents found a number of plastic, vacuum sealed bags that contained red chili powder. A Scottsdale Police Dog alerted to the presence of the odor of a narcotic drug when the dog sniffed the plastic bags.

On April 26, another investigation was done of the trash taken from 7622 N. Via Elemental, and found nine vacuum sealed bags covered with chili powder, and three vacuum

1   sealed bags covered with coffee grounds.

2   On April 27 another trash run was conducted at 7622 E. Via Elemental, and a cardboard
3   box bearing a Federal Express shipping label was found. The box had been shipped through
4   Newburgh, New York on April 16, 2004, and had been received at a Mail Vault business located
5   at 11259 E. Via Linda, Scottsdale, Arizona, on April 22, 2004.

6   On May 6, 2004, JEFFREY WOODFIELD entered the Mail Vault business at 11259 E.
7   Via Linda, Scottsdale, Arizona, and announced he was picking up a package. There was a
8   package at that Mail Vault location addressed to JEFFREY WOODFIELD (a Scottsdale Police
9   Dog had alerted to the presence of a narcotic odor coming from the package). When the package
10  was searched, it was found to contain two heat sealed packages, similar to those found in the Via
11  Elemental trash runs, containing $60,020.00. Both heat sealed bags also contained red chili
12  powder.

13  **July 14 through July 15, 2004**

14  Scott Odabash withdrew $11,000.00 by means of two checks made payable to cash on
15  Bank of America account number 252387813. Scott Odabash structured the withdrawals so that
16  no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction
17  reporting requirements.

18  **August 2, through August 3, 2004**

19  Scott Odabash withdrew $12,000.00 by means of two checks made payable to cash on
20  Bank of America account number 252387813. Scott Odabash structured the withdrawals so that
21  no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction
22  reporting requirements.

23  **October 6 through October 8, 2004**

24  Scott Odabash withdrew $23,500.00 by means of four checks made payable to cash on
25  Bank of America account number 252387813. Scott Odabash structured the withdrawals so that
26  no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction
27  reporting requirements.

28

1

**October 13 through October 14, 2004**

2    Scott Odabash withdrew $17,000.00 by means of three checks made payable to cash on

3  Bank of America account number 252387813. Scott Odabash structured the withdrawals so that

4  no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction

5  reporting requirements.

6

**October 1 through October 31, 2004**

7    On or between October 1, 2004 through October 31, 2004, defendant SEAN A. PISCOPO

8  sent a package of U.S. currency via Federal Express to defendant Eduardo Delgadillo-Garcia

9  who received the package on behalf of defendant MARTIN ANGEL GONZALEZ in payment

10  for a shipment of marijuana.

11

**November 1 through November 4, 2004**

12    Scott Odabash withdrew $13,000.00 by means of four checks made payable to cash on

13  Bank of America account number 252387813. Scott Odabash structured the withdrawals so that

14  no single withdrawal exceeded $10,000.00, thereby avoiding Federal and State transaction

15  reporting requirements.

16

**March 1 through April 5, 2005**

17    On or between March 1, 2005 through April 5, 2005, defendant Scott Odabash sent

18  marijuana to SEAN A. PISCOPO and MARK ALAN BRUNET. MARK ALAN BRUNET gave

19  $25,000.00 to SEAN A. PISCOPO who in turn gave the cash to GLEN FOUCH who traveled

20  to Scottsdale, Arizona and personally gave the $25,000.00 to Scott Odabash.

21

**December of 2001, through March 25, 2005**

22    On or between December of 2001, and March of 2005, defendant ROBERT L.

23  GOLDSTEIN sent money packages, which money represented the proceeds of the sale of

24  marijuana, to defendant JEFFREY WOODFIELD and to Chico's Towing, a business owned by

25  defendant Eduardo Delgadillo-Garcia.

26

**March of 2003 through April 2004**

27    On or between March of 2003 and April of 2004, defendants SEAN A. PISCOPO and

28  MARK ALAN BRUNET sent money packages, the money being proceeds from the sale of

marijuana, to defendants JEFFREY WOODFIELD and Ronald Ackerlund.

In violation of Title 18, United States Code, Section 1956(h) and 2.

### November, 2004

On or about November of 2004, defendant SIMEN SAVAYA delivered or caused to be delivered a package, via United Parcel Service, to Chico's Towing in Phoenix, Arizona. The parcel contained money constituting payment for a shipment of marijuana made on or about October 22, 2004. The marijuana was sent from Phoenix, Arizona to a residence in Michigan, and the money package was sent from Michigan to Arizona.

### September 2005

On or about September of 2005, defendant SIMEN SAVAYA delivered or caused to be delivered a package containing approximately $120,000 from Michigan to defendant Emma Goldsmith in California. The money package was sent at the request of defendant MARTIN ANGEL GONZALEZ, and was the proceeds from the sale of marijuana.

### June 2005

On or about June of 2005, defendants JULIAN JOHNNY HARVILL and MARCY HARVILL received more than $100,000 in marijuana proceeds from the MARTIN ANGEL GONZALEZ marijuana organization. The money was concealed and safeguarded by MARCY HARVILL and JULIAN JOHNNY HARVILL, and was used by the MARTIN ANGEL GONZALEZ marijuana organization to purchase additional marijuana for the organization, and to pay for the legal fees of members of the organization.

### COUNT 5

On or about November 25, 2002, in the District of Arizona, defendant Scott Odabash did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of six money orders from Albertson's Inc., which involved the proceeds of a specified unlawful activity, that is Conspiracy to Possess With the Intent to Distribute Marijuana, and Possession With the Intent to Distribute Marijuana, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, or control of the proceeds of said specified unlawful activity,

1 and that while conducting and attempting to conduct such financial transaction knew that the
2 property involved in the financial transaction, that is funds or monetary instruments in the
3 amount of $2895.00, represented the proceeds of some form of unlawful activity.

4      In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

5 **COUNT 6**

6      On or between December 2 and December 3, 2002, in the District of Arizona, defendant
7 Scott Odabash did knowingly and willfully conduct and attempt to conduct a financial
8 transaction affecting interstate and foreign commerce, to wit, the purchase of seven money
9 orders from Albertson's Inc., which involved the proceeds of a specified unlawful activity, that
10 is Conspiracy to Possess With the Intent to Distribute Marijuana, and Possession With the Intent
11 to Distribute Marijuana, knowing that the transaction was designed in whole and in part to
12 conceal and disguise, the nature, location, source, ownership, or control of the proceeds of said
13 specified unlawful activity, and that while conducting and attempting to conduct such financial
14 transaction knew that the property involved in the financial transaction, that is funds or monetary
15 instruments in the amount of $2680.00, represented the proceeds of some form of unlawful
16 activity.

17      In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

18 **COUNT 7**

19      On or about December 9, 2002, in the District of Arizona, defendant Scott Odabash did
20 knowingly and willfully conduct and attempt to conduct a financial transaction affecting
21 interstate and foreign commerce, to wit, the purchase of six money orders from Albertson's Inc.,
22 which involved the proceeds of a specified unlawful activity, that is Conspiracy to Possess With
23 the Intent to Distribute Marijuana, and Possession With the Intent to Distribute Marijuana,
24 knowing that the transaction was designed in whole and in part to conceal and disguise, the
25 nature, location, source, ownership, or control of the proceeds of said specified unlawful activity,
26 and that while conducting and attempting to conduct such financial transaction knew that the
27 property involved in the financial transaction, that is funds or monetary instruments in the
28 amount of $2795.00, represented the proceeds of some form of unlawful activity.

1         In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

2                         **COUNT 8**

3         On or about December 11, 2002, in the District of Arizona, defendant Scott Odabash did

4 knowingly and willfully conduct and attempt to conduct a financial transaction affecting

5 interstate and foreign commerce, to wit, the purchase of five money orders from the United

6 States Postal Service, which involved the proceeds of a specified unlawful activity, that is

7 Conspiracy to Possess With the Intent to Distribute Marijuana, and Possession With the Intent

8 to Distribute Marijuana, knowing that the transaction was designed in whole and in part to

9 conceal and disguise, the nature, location, source, ownership, or control of the proceeds of said

10 specified unlawful activity, and that while conducting and attempting to conduct such financial

11 transaction knew that the property involved in the financial transaction, that is funds or monetary

12 instruments in the amount of $2995.00, represented the proceeds of some form of unlawful

13 activity.

14         In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

15                         **COUNT 9**

16         On or about January 14, 2003, in the District of Arizona, defendant Scott Odabash did

17 knowingly and willfully conduct and attempt to conduct a financial transaction affecting

18 interstate and foreign commerce, to wit, the purchase of four money orders from Albertson's

19 Inc., and five money orders from the United States Postal Service, which involved the proceeds

20 of a specified unlawful activity, that is Conspiracy to Possess With the Intent to Distribute

21 Marijuana, and Possession With the Intent to Distribute Marijuana, knowing that the transaction

22 was designed in whole and in part to conceal and disguise, the nature, location, source,

23 ownership, or control of the proceeds of said specified unlawful activity, and that while

24 conducting and attempting to conduct such financial transaction knew that the property involved

25 in the financial transaction, that is funds or monetary instruments in the amounts of $2,000.00

26 from Albertson's Inc. and $2,950.00 from the United States Postal Service represented the

27 proceeds of some form of unlawful activity.

28         In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.