DIANE J. HUMETEWA
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant United States Attorney
State Bar No. 0014249
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
kevin.rapp@usdoj.gov

JENNIFER E. GREEN
Assistant United States Attorney
State Bar No. 0018792
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Jennifer.Green@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-05-0264-PHX-SMM |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Martin Angel Gonzalez, | |
| Defendant. | (Sentencing Guidelines Are Advisory) |

Plaintiff, United States of America, and defendant, MARTIN ANGEL GONZALEZ, hereby agree to the following disposition of this matter:

## PLEA

Defendant agrees to plead guilty to the following counts of the Fifth Superseding Indictment: Count 1 Conspiracy to Possess with the Intent to Distribute Marijuana, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(vii), Count 2 Possession with the Intent to Distribute Marijuana, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); Count 3 Possession with the Intent to Distribute Marijuana, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) Count 4 Conspiracy to Commit Money Laundering, in violation of Title 18, U.S.C. § 1956(h) and Count 63, Continuing Criminal Enterprise in violation of Title 21, United States Code, § 848.

**TERMS**

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. **Maximum Penalties**

    a. Count 1: a violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(vii), is punishable by a maximum fine of $4,000,000.00, a maximum term of imprisonment of life imprisonment, or both and a minimum term of imprisonment of 10 years, and, a term of supervised release of at least 5 years in addition to such term of imprisonment.

    An allegation of a prior drug trafficking conviction has been filed by the United States Attorney pursuant to Title 21 U.S.C. § 851. As a result, pursuant to Title 21 U.S.C. § 841(b) a term of imprisonment may not be less than 20 years, punishable by a maximum fine of $8,000,000 and a term of supervised release of at least 10 years.

    b. Count 2: a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), is punishable by a maximum fine $250,000, a maximum term of imprisonment of not more than 5 years or both. And, a term of supervised release of at least 4 years.

    c. Count 3: a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), is punishable by a maximum fine $1,000,000, a maximum term of imprisonment of not more than 20 years or both, and, a term of supervised release of at least 3 years.

    d Count 4: a violation of Title 18, United States Code, Section 1956(h), shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved

in the transportation, transmission or transfer whichever is greater, or imprisonment for not more than 20 years, or both and a term of supervised release of at least 3 years and no more than 5 years.

  e. Count 63: a violation of Title 21, United States Code, Section 848, is punishable by:

    (i) a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 and a term of supervised release of 10 years.

    (ii) Life imprisonment for engaging in continuing criminal enterprise: any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a) of this section, if– (1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and (2)(A) the violation referred to in subsection (c)(1) of this section involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or (B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million in gross receipts during any 12-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(B)(1)(b) of this title.

  f. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

    1) Order the defendant to make restitution to any victim of the offense, unless, pursuant to Title 18 United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

    2) Order the defendant to pay a fine, which may include the costs of probation, supervised release, or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(e) of the Guidelines, the defendant establishes the applicability of the exceptions found therein;

    3) Order the defendant, pursuant to Title 18, United States Code, Section 3583 and Section 5D1.1 and 2 of the Guidelines, to serve a term of supervised release when required by law or when a sentence of imprisonment of more than one year is imposed. The court has the discretion

3

to impose a term of supervised release in all other cases.

g. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 per count. This assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

## 2. Agreements Regarding Sentencing

a. The parties agree pursuant to Fed. R. Crim. P.11(c)(1)(C) that the defendant will be sentenced to 240 months. The parties have no further agreements.

b. If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving the defendant an opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

## 3. Agreement to Dismiss or Not to Prosecute

a. This office will not prosecute the defendant for any offenses committed by the defendant, and known by the government, in connection with the known charge.

b. This agreement does not in any manner restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

## 4. Waiver of Right to Withdraw and Right to Appeal

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives; (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) the right to collaterally attack defendant's conviction and sentence under Title 28, United States Code Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

## 5. Perjury, False Statements, and Other Offenses

Nothing in this agreement shall be construed to protect the defendant in any way from

prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

## 6. Reinstitution of Prosecution

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing of the later charges or proceedings. The defendant also understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f).

## 7. Disclosure of Information to U.S. Probation Office

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

b. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Office, including, but not limited to:

1) all criminal history information, e.g., all criminal convictions as defined under the Sentencing Guidelines;

2) all financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution;

3) all history of drug abuse;

4) all history of mental illness or conditions.

## 8. Forfeiture, Civil, and Administrative Proceedings

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past 11 years, or in which the defendant has or had during

5

that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous 11 years.

The defendant agrees to forfeit all interests in any drug related, or money laundering-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses, and property involved in the offenses. The defendant agrees to forfeit his interest in the following properties: 3602 West Denton Lane in Phoenix; 221] E. Sierra Street in Phoenix; and 7722 E. Dynamite Rd. in Scottsdale. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant further consents to the entry of a money judgment in the amount of $10,000,000 in United States currency, and which represents defendant's joint and several liability for the $10,000,000 money judgment named in the Indictment, and which represents the minimum amount of proceeds obtained as a result of the offenses, and property involved in the offenses.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise

6

subject to forfeiture.

9. **Loss of certain federal benefits**

The defendant understands and acknowledges that a conviction will result in the defendant and his immediate family members losing eligibility for certain Welfare, Food Stamp and Social Security benefits as determined by 28 USC § 862. [handwritten annotation] *et. seq.* RPB [initials]

## ELEMENTS

### Count 1

1. Beginning on or about January 1, 1994 and continuing thereafter up to including November 16, 2006 in the District of Arizona and other locations, there was an agreement between two or more persons to possess with the intent distribute 1000 kilograms or more of marijuana;
2. Martin Gonzalez became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

### Count 2

From on or about November 16, 2004 to November 17, 2004, in the District of Arizona, Defendant, did knowingly and intentionally possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana.

### Count 3

From on or about March 1, 2005, through April 8, 2005, in the District of Arizona, defendant did knowingly and intentionally possess with the intent to distribute more than 50 and less than 100 kilograms of a mixture or substance containing a detectable amount of marijuana.

### Count 4

1. On or between January 1, 1994 and November 16, 2006 in the District of Arizona and other locations, there was an agreement between two or more persons:

(a) to conduct a financial transaction, that affected interstate commerce, which involved the proceeds of a specified unlawful activity (drug trafficking); and

(b) the defendant knew that the property represented the proceeds of drug trafficking; and

(c) the defendant conducted financial transactions, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership of the proceeds of the specified unlawful act; and

(d) the defendant acted with the intent to promote drug trafficking.

2. Martin Angel Gonzalez became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

### Count 63

On or between January 1, 1994 and November 16, 2006 in the District of Arizona and other locations, the defendant was involved in a Continuing Criminal Enterprise which requires the following five elements:

1. The defendant committed the offenses or offenses charged in the indictment; and
2. The offense or offenses were part of a series of three or more offenses committed by the defendant over a definite period of time; and
3. The defendant committed the offenses together with five or more other persons; and
4. The defendant acted as the organizer, supervisor or manager of five or more other persons; and
5. The defendant obtained substantial income or resources from the violations.

### FACTUAL BASIS

Defendant further agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt:

On or between January 1, 1994 and November 16, 2006, I was engaged in a conspiracy in

8

the District of Arizona involving the purchasing and packaging of large quantities of marijuana from sources of supplies in Arizona, New Mexico and the Republic of Mexico, and the subsequent transportation and distribution of this marijuana to California, Wisconsin, Illinois, Michigan, New York, Pennsylvania, Massachusetts, and Florida. I participated in an agreement to possess with intent to distribute more than 30,000 kilograms of marijuana over the life of the conspiracy. I was the leader involved in this conspiracy. The object of this conspiracy was to distribute large quantities of marijuana throughout the United States, and to make substantial proceeds from this distribution. I obtained substantial income during the course of the conspiracy in an amount that exceeded $10,000,000. And, I committed at least three drug trafficking offenses during the conspiracy. Those offenses include, but are not limited to, Counts 1-3 of the Fifth Superseding Indictment.

At least five persons were either supervised by me directly or were involved at various stages of the conspiracy and worked on my behalf. They include but are not limited to the following: Scott Odabash, Ronald Ackerlund, Eduardo Delgadillo-Garcia, Guadalupe Patricia Gaytan, Aquilles Maldonado-Martinez, Alicia Cavallero, Emma Goldsmith, Marcy Harvill, Julian Harvill, Dale Mueller, Simen Savaya, Kellie Sue Gonzalez, Johnny Brikho, Adolfo Diaz, Jeffrey Wilstein, Angel Morales-Gonzales, Vickie Weaver, Kurt Alexander, Loy Carter, Alejandro Bruno Alarcon, Hector Gonzalez, Ayumi Takahashi, Dorothy Abundis, William Upshaw, Walter Franks, Manuel Rangel, Elias Arabo, Thomas Poullath and others.

During the conspiracy, U.S. currency would be shipped via parcel or delivered by courier to me or associates based in Phoenix, from the various states where marijuana was distributed referenced above. The money was proceeds from the sale of marijuana and was used to promote my drug trafficking activities. It would be used to purchase the following: large quantities of marijuana, packing material for the marijuana, (purchase or lease) houses where the marijuana was packaged, and pay drivers who would transport the marijuana from Phoenix to the destinations above. I engaged in concealment money laundering by placing real estate and vehicles in the names of others in order to hide the origin, source, and control over the asset. I committed promotional money laundering by plowing the proceeds that I obtained from drug trafficking back

9

into the organization by buying more marijuana to distribute. ~~I further instructed co-conspirators to structure the deposits of currency that was the proceeds of drug trafficking in order to avoid an I.R.S. reporting requirement.~~

One of the specific instances of drug trafficking was that I possessed with the intent to distribute 120 pounds of marijuana (fewer than 50 kilograms) to co-conspirators in Detroit, Michigan on or about November 16, 2004. Another specific instance was that I knowingly possessed with the intent to distribute more than 50 but fewer than 100 kilograms of marijuana which was going to be distributed to upstate New York between March 1, 2005 and April 8, 2005.

Defendant understands that he will have to swear under oath to the accuracy of this statement, and if called upon to testify about this matter in the future, any intentional, material inconsistencies in the testimony may subject defendant to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty, I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination — all with the assistance of counsel — and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge or charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the guideline range discussed with my attorney is not binding on the Court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

9/12/06
Date

MARTIN ANGEL GONZALES
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

11

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/12/06
Date

RENA P. GLITSOS
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

9/12/08
Date

KEVIN M. RAPP
JENNIFER E. GREEN
Assistant United States Attorneys

## COURT'S ACCEPTANCE

12

1-5-08
Date

HONORABLE STEPHEN M. MCNAMEE
United States District Judge

13