***UNITED STATES DISTRICT COURT***
**DISTRICT OF ARIZONA**

**United States of America**

**v.**

**Martin Angel Gonzalez**

# JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on or After November 1, 1987)

**No. CR 05-00264-007-PHX-SMM**

Rena P. Glitsos/James Park (Appointed)
Attorney s for Defendant

USM#: 85602-008 ICE#: A38831003

**THE DEFENDANT ENTERED A PLEA OF** guilty on 9/12/2008 to Counts ONE, TWO, THREE, FOUR and SIXTY-THREE of the 5th Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 21, U.S.C. §846 and 841(a)(1) and (b)(1)(A)(vii), Conspiracy to Possess with Intent to Distribute Marijuana, a Class A Felony offense, as charged in Count ONE of the 5th Superseding Indictment; Title 21, U.S.C. §841(a)(1) and (b)(1)(D), Possession with Intent to Distribute Marijuana, a Class D Felony offense, as charged in Count TWO of the 5th Superseding Indictment; Title 21, U.S.C. §841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Marijuana, a Class C Felony offense, as charged in Count THREE of the 5th Superseding Indictment; Title 18, U.S.C. §1956(h), Conspiracy to Commit Laundering Monetary , a Class C Felony offense, as charged in Count FOUR of the 5th Superseding Indictment; Title 21, U.S.C. §848, Continuing Criminal Enterprise, a Class A Felony offense, as charged in Count SIXTY-THREE of the 5th Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **TWO HUNDRED FORTY (240) MONTHS**. This term consists of terms of 240 months on Counts ONE, THREE, FOUR and SIXTY-THREE, and 120 months on Count TWO, all counts to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **TEN (10) YEARS.** The term consists of Ten Years on Count ONE, Four Years on Count TWO, Six Years on Count THREE, Three Years on Count FOUR and Five Years on Count SIXTY-THREE, said counts to run concurrently. The Court recommends that the defendant be placed in an institution in Southwest of United States.

**IT IS FURTHER ORDERED** that all remaining counts are dismissed.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $500.00 **FINE:** Waived **RESTITUTION:** $0

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay a total of $500 in criminal monetary penalties, due immediately.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter

and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $500.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count ONE, TWO, THREE, FOUR and SIXTY-THREE of the 5th Superseding Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **TEN (10) YEARS**. The term consists of Ten Years on Count ONE, Four Years on Count TWO, Six Years on Count THREE, Three Years on Count FOUR and Five Years on Count SIXTY-THREE, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 05-36, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be

occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.

16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.

17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);

18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.

19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. If deported, you shall not re-enter the United States without legal authorization.

2. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

3. You shall provide the probation officer access to any requested financial information.

4. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.

5. You are prohibited from owning, maintaining or using a firearm.

6. The defendant shall forfeit his interest in any and all property, real or personal, constituting or traceable to gross proceeds obtained from the commission of the offense, and any equipment, software, or other technology used or intended to be used to commit or facilitate the commission of the offense. Such property includes: those properties identified in the plea agreement, and entry of a money judgment in the amount of $10 million in United States currency, and which represents the defendant's joint and several liability for the $10 million money judgment named in the indictment, and which represents the minimum amount of proceeds obtained as a result of the offenses, and property involved in the offenses.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or

supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends:
that the defendant be placed in an institution in Southwest of United States

Date of Imposition of Sentence: **Monday, January 5, 2009**

DATED this 5th day of January, 2009.

Stephen M. McNamee
United States District Judge

**RETURN**

I have executed this Judgment as follows:____________________________________

Defendant delivered on __________ to ____________________ at ______________________, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

___________________________ By:________________________________
United States Marshal Deputy Marshal