UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | |
|---|---|---|
| MARTIN ANGEL GONZALEZ, PETITIONER | § § § | Case No. CR05-00264-007-PHX-S |
| v. | § § | |
| UNITED STATES OF AMERICA, RESPONDENT. | § § / | HONORABLE JUDGE STEPHEN M. McNAMEE |

FILED ____ LODGED
____ RECEIVED ____ COPY
AUG 1 2 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
                                DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCivP 5.4
(Rule Number/Section)

MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE
PURSUANT TO TITLE 18 U.S.C. §3582(c)(2) AMENDMENT 782

TO THE HONORABLE JUDGE STEPHEN M. McNAMEE:

COMES NOW, MARTIN ANGEL GONZALEZ, Petitioner, pro se, who hereby requests this Honorable Court for a modification or reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which made a reduction in the base level for drug offenses retroactive as of November 1, 2014. GONZALEZ reminds the Court that he is not a lawyer and asks that his pleadings be construed in accordance with the principles of **HAINE v. KERNER, 404, U.S. 519 (1972).** IN support of this motion GONZALEZ shows the following:

JURISDICTION

This Honorable Court does have jurisdiction to hear this motion under 18 U.S.C. §3582(c).

PROCEDURAL HISTORY

On January 5, 2009, GONZALEZ entered a plea of GUILTY to count(s) 1: Conspiracy to Possess w/intent to distribute marijuana; 2: Possession w/intent to distribute marijuana; 4: Concpiracy to commit money laundering; 63: Continuing a criminal

enterprise. GONZALEZ was sentenced to (240) months imprisonment.

STATEMENT OF RELEVANT FACTS

Honorable Judge STEPHAN M. McNAMEE, United States District Judge, at the sentencing hearing, along with the Government, agreed to the following P.S.R. calculation; with a Base Offense level of (36), an adjusted Role in the Offense of plus (2); a minus (2) for adjustment for Acceptance of Responsibility for a Total Offense Level of (36), with a Criminal History Category of III for a Guideline range of (235) to (293) months. The Government, the Defense and Honorable Judge McNamee, all agreed and stipulate that a (240) month sentence would be an appropriate sentence in this case.

GONZALEZ believes that since the Government agreed to the P.S.R. calculation, and GONZALEZ'S sentence was, in fact, within the Guideline range calculated by the P.S.R. GONZALEZ is eligible for a sentence reduction under 18 U.S.C. §3582(c)(2). GONZALEZ'S new Base Offense Level of (34) under U.S.S.G. §2D1.1 would then be re-calculated for a P.S.R. Total Offense Level of (34), with a Criminal History Category III, for a new Guideline range of (188) to (235) months. GONZALEZ is eligible for a reduction or modification of sentence under Amendment 782.
(See FREEMAN v. U.S. 180 L.Ed 2d. 519 (2011))

GONZALEZ'S sentence in this case, has the potential of being reduced or modified to a new Guideline range of (188) to (235) months, GONZALEZ asks the Court to re-sentence him to the low end of the new Guideline range. GONZALEZ would show the Court that he has programmed, procuring employment within Unicor, and maintaining an impeccable work record for the last (64) months of his incareceration. GONZALEZ has used his time

productively.

WHETHER DEFENDANT IS ELIGIBLE FOR TWO LEVEL REDUCTION

On May 1, 2014, the United States Sentencing Commission submitted to Congress amendments to the Federal Sentencing Guidelines, on July 18, 2014, the Commission voted to make the amendment retroactive. These amendments became effective on November 1, 2014 with the earliest release date of November 1, 2015.

Under Title 18 U.S.C. §3582(c)(2), a District Court can re-sentence a defendant, whose sentencing range has been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. §944(o). This allows the District Court to re-calculate the defendant's sentencing range using the newly reduced guideline, and determine an appropriate sentence in accordance with 18 U.S.C. §3553(a) factors.

This new Amendment affects the Base Level of offenses involving illicit drugs and controlled substances pursuant to U.S.S.G. §2D1.1, which would have the effect of lowering the sentencing guideline range for certain offenders by adjusting downward by two levels.

PRAYER

GONZALEZ prays that this Honorable Court grants this motion and re-sentence the defendant to a new Total Offense Level of (34) for a Guideline range of (188) to (235) months. GONZALEZ asks this Honorable Court to sentence him to the low end of the Guideline range.

Respectfully submitted this the 4 day of August, 2016.

_____
Martin Angel Gonzalez
Reg.No. 85602-008
FCI Complex Low
P.o.Box 26020
Beaumont, TX 77720

## CERTIFICATE OF SERVICE

I, MARTIN ANGEL GONZALEZ, hereby certify that a true and correct copy of the foregoing motion was properly served upon US Attorney's Office, Two Renaissance Square, 40 North Central Ave., Suite 1200, Phoenix, AZ 85004-4408. By placing in the legal mail at FCI Complex Low, Beaumont, Texas, this 4 day of August, 2016.

_____
Martin Angel Gonzalez